134-15

NO. PD-0134-15

IN THE

COURT OF CRIMINAL

APPEALS

OF TEXAS

ORIGINAL

PHILLIP LEO TORRES JR.

PETITIONER

V

THE STATE OF TEXAS

RECEIVED IN
COURT OF CRIMINAL APPEALS

MAR 13 2015

Abel Acosta, Clerk

PETITION IN CAUSE NO. 3616 FROM THE
100th DISTRICT COURT OF HALL COUNTY, TEXAS AND
THE COURT OF APPEALS FOR THE
SEVENTH DISTRICT OF TEXAS
AMARILLO, POTTER COUNTY, TEXAS

FILED IN
COURT OF CRIMINAL APPEALS

MAR 13 2015

Abel Acosta, Clerk

PETITION FOR DISCRETIONARY REVIEW

PHILLIP LEO TORRES JR. #1825078
NEAL UNIT 9055 SPUR 591
AMARILLO, TEXAS 79107
PHILLIP LEO TORRES JR.

PETITIONER PRO.SE

MARCH. 6 , 2015

# TABLE OF CONTENTS                    PAGE.

TABLE OF CONTENTS ...                          1.

IDENTITY OF PARTIES ...                         2.

INDEX OF AUTHORITIES ....                       3.

STATEMENT REGARDING ORAL ARGUMENT ...           4.

STATEMENT OF CASE ...                           5.

STATEMENT OF PROCEDURAL HISTORY ...             5.

GROUND FOR REVIEW ...                           6.

    QUESTION ONE ASKED ...                      6.

    QUESTION TWO ABKED ....                     6.

    QUESTION THREE ASKED .....                  6.

REASON FOR REVIEW ....              6,7,8,9,10,11.

PRAYER FOR RELIEF ...                          12.

HONORABLE STUART MESSER
100th DISTRICT COURT JUDGE
HALL COUNTY 512 MAIN ST.
SUITE #8 MEMPHIS, TEXAS 79245

LUKE M. INMAN
100th JUDICIAL DISTRICT ATTORNEY
800 WEST AVENUE, BOX 1
WELLINGTON, TEXAS 79095

STEVEN R. BIRD
TRIAL COUNSEL
P.O. BOX 1257
CHILDRESS, TEXAS 79201

JERRY D. COURTNEY
APPELLATE COUNSEL
313 SOUTH SULLY ST.
CLARENDON, TEXAS 79226

HARLEY D. CAUDLE
APPELLATE COUNSEL
1017 WEST 10th
AMARILLO, TEXAS 79101

SEVENTH DISTRICT OF TEXAS
COURTS OF APPEALS
501 S. FILLMORE, SUITE 2-A
AMARILLO, TEXAS 79101-2449

## STATE OF TEXAS

EX PARTE ADAMS, 768 S.W. 2d 28 (TEX. CRIM. APP. 1989).    7.

EX PARTE CARMONA, 185 S.W. 3d 492 (TEX. CRIM. APP. 2006).    7.

EX PARTE CHABOT, 300 S.W. 3d 768 (TEX. CRIM. APP. 2009).    7.

CLEWIS V. STATE, 922 S.W. 2d 126 (TEX. CRIM. APP. 2006)    6, 10.

EX PARTE DANIELS, V. STATE, 25 S.W. 3d 893 (TEX. CRIM. 14th DIST. 2000).    10.

DONNER AQUAMARINE INC. 701 S.W. 2d 238, 241-42 (TEX. 1985).    3.

## UNITED STATES AUTHORITIES

U.S. V. AGUILAR, 645 F.3d 319, 327 (5th CIR. 2011).    6.

U.S. V. ALVARADO-VALDEZ, 521 F.3d 337, 341 (5th CIR. 2008).    10.

COOK V. MC KUNE, 323 F.3d 325 (10th CIR. 2003).    9.

CRAWFORD V. WASHINGTON, 541 U.S. 36 68 (2004).    6, 9.

U.S. V. DICKSON, 632 F.3d 186, 191 (5th CIR. 2011).    3. 6.

EARHART V. KONTEH, 589 F.3d 337 (6th CIR. 2009).    9.

U.S. V. GARCIA, 522 F.3d 597, 603-05 (5th CIR. 2008).    7.

U.S. V. LANDERMAN, 109 F.3d 1053, 1061 (5th CIR. 1997).    7.

U.S. V. MARCUS, 130 S.Ct. 2159, 2164 (2010).    6.

U.S. V. MATUS-ZAYAS, 655 F.3d 1092 (9th CIR. 2011).    9.

U.S. V. MC CANN, 613 F.3d 486, 503 (5th CIR. 2010).    6.

POINTER V. TEXAS, 380 U.S. 400, 403 (1965).    7, 9, 10.

PUCKETT V. U.S., 556 U.S. 129, 133 (2009).    5.

U.S. V. STEWART, 93 F.3d 189, 193 (5th CIR. 1996).    10.

U.S. V. TIRADO-TIRADO, 563 F.3d 117 (5th CIR. 2009).    9.

## STATUES AND RULES

TEX. R. EVID. 804(a), (5).    10.

TEX. R. APP. P. 44.2(a)    9.

TEX. R. APP. P. 66.3(a)(c)(f)    10.

IN THE COURT OF
CRIMINAL APPEAL
FOR THE
STATE OF TEXAS

EX PARTE, PRO SE               §
PHILLIP LEO TORRES JR.         §    P.D.-0134-15
        PETITIONER             §

COMES NOW PHILLIP LEO TORRES JR. PETITIONER WITH HIS PETITION FOR DISCRETIONARY REVIEW FROM THE JUDGEMENT AND OPINION OF THE SEVENTH DISTRICT COURT OF APPEALS AMARILLO, TEXAS.

STATEMENT OF ORAL ARGUMENT

PETITIONER WOULD WAIVE ORAL ARGUMENT IN PLACE HE WOULD RESPECTFULLY ASK FOR A PLAIN ERROR AND A ABUSE OF DISCRETION REVIEW IN THIS CASE. PER THE FINDINGS IN

DOWNER V. AQUAMARINE OPERATORS INC. 701 S.W.2d 238, 241-42 (TEX. 1985). AND
US. V. DICKSON 632 F.3d 186, 191 (5th CIR. 2011).

TO HONORABLE JUSTICES OF THE TEXAS COURTS OF CRIMINAL APPEALS. PETITIONER PHILLIP LEO TORRES JR. RESPECTFULLY SUBMITS THIS PETITION FOR DISCRETIONARY REVIEW IN RESPONSE TO THE SEVENTH DISTRICTS OPINION AND JUDGEMENT WHICH UPHELD THE ADJUDICATION OF PETITIONER MOTION TO REVOKE HIS PROBATION ON THE ORIGINAL CHARGE OF AGGRAVATED ASSAULT WITH DEADLY WEAPON. FOR WHICH PETITIONER HAD BEEN PLACED ON DEFERRED ADJUDICATION AND ASSESSED A SENTENCE OF TWENTY YEARS IN THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE

4.

FOR CONVENIENCE PETITIONER, PHILLIP LEO TORRES JR. WILL BE REFERRED TO AS PETITIONER, AND THE STATES OF TEXAS PROSECUTION WILL BE REFERRED TO AS THE STATE ALL OTHER PARTIES AND WITNESSES WILL BE NAMED AS IN THE RECORDS, ALSO NOTE PETITIONER DOES NOT HAVE THE RECORDS IN THE CASE HE HAS NOT EVEN BEEN GIVEN A COPY OF THE MOTION TO REVOKE, AND NOW REFERRED TO A M.T.R..

## STATEMENT OF THE CASE

PETITIONER WAS CHARGED BY COMPLAINT AND INFORMATION IN HALL COUNTY, TX. FOR A FELONY OFFENSE OF AGGRAVATED ASSAULT WITH A DEADLY WEAPON PETITIONER FILED AN APPLICATION FOR COMMUNITY SUPERVISION BASED ON A PLEA RECOMMENDATION FROM THE STATE, PETITIONER PLEAD GUILTY TO THE OFFENSE AND WAS PLACED ON DEFERRED ADJUDICATION PROBATION FOR EIGHT YEARS. THE STATE FILED A M.T.R. ALLEGING THAT PETITIONER HAD VIOLATED TWO CONDITIONS OF HIS PROBATION, AND HIS PROBATION WAS REVOKED, PETITIONER FILED AN APPLICATION FOR AN OUT OF TIME APPEAL ON THE M.T.R. AND APPEAL WAS GRANTED. PETITIONER WAS APPOINTED ATTORNEY HARLEY CAUDLE AS APPELLANTS COUNSEL, AND THE SEVENTH DISTRICT COURT OF APPEALS AFFIRMED THE M.T.R. AND PETITIONER COMES BEFORE THIS HONORABLE COURT FOR A REVIEW OF HIS CASE.

## STATEMENT OF PROCEDURAL HISTORY

ON DECEMBER 15, 2014 THE COURT OF APPEALS OPINION AFFIRMED THE M.T.R. JUDGEMENT CAUSE 3616. ON FEBRUARY 6, 2015 THIS COURT GRANTED PETITIONERS PRO SE MOTION FOR AN EXTENSION OF TIME IN WHICH TO FILE HIS PETITION FOR DISCRETIONARY REVIEW TO MARCH 16, 2015

## GROUNDS FOR REVIEW

GROUND ONE: THE TRIAL AND APPEALS COURT ABUSED IT'S DISCRETION WHEN THEY ADJUDICATED PETITIONER'S GUILT BECAUSE THE RECORDS DOES NOT CONTAIN EVIDENCE PROVING THAT APPELLANT VIOLATED THE CONDITIONS OF HIS PROBATION BY THE PREPONDERANCE OF THE EVIDENCE AND QUESTIONS AS FOLLOWS.

QUESTION ONE: BECAUSE PETITIONER'S M.T.R. WAS BASED ON AN ALLEGATION OF SIMPLE ASSAULT, HE WAS FORMALLY CHARGED BY INFORMATION AND ARRESTED, WAS PETITIONERS RIGHTS TO A JURY TRIAL VIOLATED WHEN THE STATE CHOSE TO DISMISS THE MISDEMEANORS ASSAULT ALLEGATION AND PROCEED WITH THE M.T.R. WITHOUT THE ALLEGED VICTIM NOR THE COMPLAINANT AS WITNESSES AT THE M.T.R. HEARING. (UNDER STATE LAW)?

QUESTION TWO: DID THE STATE VIOLATE THE CONFRONTATION CLAUSE BY FAILING IN A "GOOD FAITH EFFORT" TO PRODUCE EVIDENCE WHY THE ALLEGED VICTIM LORENZO AND THE COMPLAINANT (OFFICER POWELL) DID NOT APPEAR FOR THE M.T.R. PROCEEDING. AND

QUESTION THREE: WAS THE EVIDENCE IN THIS CASE

(a). SO WEAK AS TO BE CLEARLY WRONG OR MANIFESTLY UNJUST? OR

(b). WAS THE FINDING OF VITAL FACT SO CONTRARY TO THE GREAT WEIGHT AND PREPONDERANCE OF THE EVIDENCE TO BE CLEARLY WRONG?

## REASON FOR REVIEW

PLAIN ERROR: A REVIEWING COURT MAY GRANT RELIEF FOR "PLAIN ERROR" EVEN IF THE ERROR WAS NOT RAISED AND PRESERVED. IF THE ERROR IS CLEAR AND OBVIOUS. SEE.

PUCKETT V. U.S. 556 U.S. 129, 133 (2009), ALSO SEE,

6.

U.S V. DICKSON, 632 F.3d 186, 191 (5th CIR.2011).; US V MCCANN, 613 F.3d 486, 503 (5th CIR. 2010). AND IF THE PLAIN ERROR AFFECTED THE PLAIN ERROR TO BE ASSESSED BY CONSULTING THE WHOLE RECORD, SEE US. V. AGUILAR, 645 F.3d 319, 327 (5th CIR. 2011).

UNDER TEXAS RULES OF APP. P. 44.2(a) IF IT FINDS THAT PETITIONERS SUBSTANTIAL RIGHTS HAVE BEEN VIOLATED IF THE ERRORS "SERIOUSLY AFFECTS THE FAIRNESS, INTEGRITY, OR PUBLIC REPUTATION OF JUDICIAL PROCEEDINGS. THIS COURT MUST REVERSE THE JUDGEMENT OF ADJUDICATION BACK TO PROBATION. ID. AGUILAR, 645 F.3d. ALSO SEE, US. V. MARCUS, 130 S.Ct. 2159, 2164 (2010).

THIS COURT WILL FIND PLAIN ERROR WHERE THE MTR. PROCEEDING AFFECTED PETITIONERS CONSTITUTIONAL RIGHTS TO A FAIR FACT FINDING PROCESS, THAT THE STATE ADMITTED IMPROPER HEARSAY EVIDENCE UNDER THE "CRAWFORD STANDARD", SEE CRAWFORD V. WASHINGTON, 541 US. 36 68 (2014), THIS COURT HAS ADOPTED THIS STANDARD IN CLEWIS V. STATE 922 S.W. 2d 126 (TEX.CRIM.APP. 1996). STATING

> THE STATE ALWAYS CARRIES THE BURDEN
> OF PROOF TO ESTABLISH THE ELEMENT OF A CRIME
> AT TRIAL, AND APPELLANTS POINTS OF ERROR CHALLENGING
> THE SUFFICIENCY OF THE EVIDENCE USED TO ESTABLISH THE
> ELEMENT OF THE CHARGED OFFENSE COULD CLAIM WAS SO
> WEAK TO BE FACTUAL INSUFFICIENT ID. CLEWIS, 922 SW 2d
> AT 115.

THIS COURT WILL FIND PLAIN ERROR IN PROSECUTORIAL MISCONDUCT, BY DISMISSING THE MISDEMEANOR FAMILY VIOLENCE CHARGE TO GO TO THE MTR. PROCEEDING UNDER A LESSER BURDEN OF PROOF WITHOUT A JURY.

7.

AND FOR FAILURE TO SUBPOENA THE ALLEGED VICTIM AND THE OFFICER WHO SWORE BY COMPLAINT THAT PETITIONER HAD VIOLATED HIS PROBATION, WITH NOT ONE SHRED OF LEGAL EVIDENCE. SEE, U.S. V. GARCIA, 522 F.3d 597, 603-05 (5th CIR. 2008). STATING PLAIN ERROR, BECAUSE PROSECUTION IMPROPERLY VOUCHED FOR CREDIBILITY OF ONLY WITNESS LINKING DEFENDANT TO CRIME. AND, THIS COURT WILL FIND PETITIONERS DEFENSE COUNSEL DECISION NOT TO OBJECT AT THE M.T.R. PROCEEDING IS IN PLAIN ERROR RENDERING THE PROCEEDING FUNDAMENTALLY UNFAIR. SEE, EX PARTE ADAMS, 768 S.W.2d 281 (TEX CRIM. APP. 1998).; EX PARTE CAMONA, 185 S.W. 3d 492 (TEX. CRIM. APP. 2006). AS IN THIS CASE, THE DEFENDANT'S DEFERRED ADJUDICATION WAS BASED SOLELY ON PERJURED EVIDENCE VIOLATING DUE PROCESS. EX PARTE CHABOT, 300 S.W. 3d 768 (TEX. CRIM. APP. 2009). DUE PROCESS IS VIOLATED WHEN A CONVICTION IS BASED ON A "FOUNDATION OF PERJURY". BY THE STATES CHIEF WITNESSES IS ALLOWED TO STAND.

THROUGH THE FOURTEENTH AMENDMENT PETITIONER WAS DENIED THE RIGHT TO BE CONFRONTED WITH THE WITNESSES AGAINST HIM. SEE U.S. V. LANDERMAN 109 F.3d 1053, 1061 (5th CIR 1997). THE RECORDS IN PETITIONERS CASE REFLECT THAT COUNSEL WAS UNABLE TO ELICIT ANY TESTIMONY, NOR DID HE OBJECT ON THE LACK OF THE STATE TO BRING FORTH THE ACCUSER'S AS THE LEADING WITNESSES, TO EXPOSE THE CREDIBILITY OF THE M.T.R. ALLEGATION, OF ASSAULT IN VIOLATION OF DUE PROCESS GUIDED BY POINTER V. TEXAS, 380 U.S. 400, 403 (1965). THIS RIGHT EXTENDS TO STATE PROSECUTIONS.

## REVIEW OF ABUSE OF DISCRETION

THAT THE EVIDENCE PRESENTED AT THE M.T.R. HEARING IS LEGALLY AND FACTUALLY WRONG, ALONG WITH THE SEVENTH DISTRICT COURT OF APPEALS MEMORANDUM OPINION, IS IN ERROR.

8.

FOR THIS COURTS CONVENIENCE PETITIONER WILL REFER TO THE MEMORANDUM OPINION AS M.O. WITH PAGE, PG. AND PARAGRAPH AS PRPH, NUMBER, THROUGHOUT.

IN M.O. PG. 2 PRPH. 2 THE APPEALS COURT MAKES THE ALLEGATION THAT PETITIONER DID NOT NOTIFY HIS COMMUNITY SUPERVISION OFFICER OF THE TWO ALLEGED MISDEMEANORS, THIS STATEMENT SHOULD BE OMITTED FROM THE RECORDS, BECAUSE AS THE RECORDS REFLECT PETITIONER WAS NOT NOR DID HE HAVE ANY KNOWLEDGE OF THE TWO CHARGES UNTIL A WARRANT FOR THE ALLEGATIONS M.T.R. WAS ISSUED, AND HE WAS ARRESTED. SO THE STATE AND PROBATION OFFICE CONSPIRED TOGETHER TO BRING CHARGES FOR A WARRANT THEN DISMISS THE CHARGES FOR LACK AND OR NO EVIDENCE TO CONSPIRE WITH THE JUDGE TO REVOKE PETITIONERS PROBATION UNDER A LESSER STANDARD THAN BEYOND A REASONABLE DOUBT, BY DISMISSING THE TWO ALLEGATIONS OF ASSAULT AND CRIMINAL MISCHIEF, THIS IN TURN ALLOWED AN ADJUDICATION OF GUILT WITH NO GUIDING RULE OR LAW IN VIOLATION OF DUE PROCESS.

ON PG. 3 PRGH. 1 AND 2 OF M.O. THE APPEALS COURT AFFIRM THESE FACTS.

(1), THAT LORENZO, PHILLIP AND A GIRLFRIEND, WERE AT A PARTY AND ALL INTOXICATED.

(2), LORENZO AND THE GIRLFRIEND ARE NOT OF LEGAL AGE TO DRINK ALCOHOL.

(3), THEY WERE DRIVING INTOXICATED, A DANGER TO THEMSELVES, AND OTHERS,

(4), THEY WERE IN PUBLIC, IN DANGER OF THEMSELVES, AND OTHERS.

(5), THEY ALL WERE INTOXICATED LOOKING FOR ANOTHER PLACE TO PARTY, AND

(6), ALL THREE LEFT THE ALLEGED SCENE, OF THE ALLEGED CRIME, THAT NO OFFICER RETURNED TO, TO INVESTIGATE THE STATED ALLEGATIONS ON THE NIGHT IN QUESTION.

9.

*Id.* Addressing paragraph 3 does not state if the officer inspected the car to see if it had been in a accident by the intoxicated teens, the officer failed to investigate the alleged scene, to see if glass was in the driveway. Failed to ask Phillip if he had cut his arm by getting in or out of the car being intoxicated. No photo's of the alleged injuries of Lorenzo, the car or any other evidence was taken, only intoxicated statements.

## ARGUMENT OF THE APPELLATE COURTS ANALYSIS: A FACTUALLY AND LEGALLY WRONG.

The trial court was not free to judge the credibility of any of the witnesses. In so doing abused it's discretion.

Both trial and appellate courts in this case have allowed the testimonial hearsay evidence to prove petitioner violated his probation. This is legally wrong. Under CRAWFORD V. WASHINGTON, 541 US. 36 68 (2008). The state nor the records in this case show in good faith "why" the alleged victim Lorenzo, or officer Powell who took the witnesses written statement, were not produced to testify. By not producing the testimony of the main witnesses, the court abused it's discretion allowing the use of inadmissable hearsay testimony, under U.S. V. TIRADO-TIRADO, 563 F.3d 117, 124-25 (5th Cir. 2009). Stating good faith effort not established because state unduly delayed effort to arrange witness, same EARHART V. KONTEH, 589 F.3d 337, 345 (6th Cir. 2009). Same U.S. V. MATUS-ZAYAS, 655 F.3d 1092, 1100-02 (9th Cir 2011). And COOK V. MC KUNE, 323 F.3d 325, 339-40 (10th Cir. 2003). Good faith effort not established because government made only "feeble" exertion to secure witness attendance all under, CRAWFORD, 541 US. 36 68 2004). The trial court violated due process under POINTER V. TEXAS, 380 US. 400, 403 (1965).

THIS RIGHT TO BE CONFRONTED WITH THE WITNESSES AGAINST PETITIONER EXTENDS TO STATE PROSECUTIONS THROUGH THE FOURTEENTH AMENDMENT. ID. POINTER; (THE CLAUSE DOES NOT TOLERATE DISPENSING WITH CONFRONTATION SIMPLY BECAUSE THE COURT BELIEVES THAT QUESTIONING ONE WITNESS ABOUT ANOTHERS TESTIMONIAL STATEMENTS PROVES FAIR ENOUGH OPPORTUNITY TO CROSS-EXAMINATION). WHEN CROSS-EXAMINING A WITNESS PETITIONER MUST BE PERMITTED TO TEST BOTH THE WITNESS/S CREDIBILITY AND THE WITNESS KNOWLEDGE OF THE MATERIAL FACT IN THIS CASE, IN SUPPORT SEE. U.S. V. STEWART, 93 F.3d 189, 193 (5th CIR. 1996). (CONFRONTATION CLAUSE VIOLATED BECAUSE JUDGE RESTRICTED CROSS-EXAMINATION OF ONLY GOVERNMENT WITNESS, THUS PREVENTING DEFENSE FROM CLARIFYING EARLIER TESTIMONY). THEREFORE WITHOUT LORENZO THE ALLEGED VICTIM OR THE MISSING OFFICER, THE M.T.R. ADJUDICATION WAS BASED ON HEARSAY WITH NO FACT OF AN ASSAULT EVER PRESENTED, IN A LEGAL MANNER, SEE. U.S. V ALVARADO-VALDEZ, 521 F.3d 337, 341 (5th CIR. 2008).; AND NO RULING BY THE TRIAL COURT OF WHETHER THE EFFORT TO PRODUCE ATTENDANCE OR TESTIMONY OF AN ABSENT WITNESS IS SUFFICIENT FOR PURPOSE OF THE CONFRONTATION CLAUSE AND THE TEX. RULE OF EVIDENCE IS REVIEW UNDER THE ABUSE OF DISCRETION STANDARD. TEX. RULES. EVIDENCE 804(a)(5) AND. TEX. RULES APP. P. 66.3(a)(c)(f). THE STATE MUST PRODUCE THE DECLARANT AND THE ALLEGED VICTIM LORENZO BECAUSE PETITIONER MAY NOT BE ADJUDICATED WITH ONLY HEARSAY EVIDENCE SEE. DANIELS V. STATE, 25 SW. 3d 893 (TEX. APP. 14th DIST. 2000).; ALSO SEE. CLEWIS V. STATE 922 SW. 2d 126. (TEX. CRIM. APP. 1996).

## PRAYER

WHEREFORE PETITIONER PRAYS THAT THIS COURT
WILL REMAND THIS CASE BACK TO THE TRIAL COURT FOR AN
ACQUITTAL.

PETITIONER PRAYS FOR A REMAND SO THAT THE DISTRICT
APPEALS COURT CORRECT THE OPINION AND JUDGEMENT
TO CONSIDER GOVERNING LAW.

PETITIONER PRAYS FOR A DECLARATION THAT THE ACTS
BY THE TRIAL COURT, THE STATES PROSECUTION AND
THE PROBATION OFFICER DESCRIBED HEREIN.

VIOLATED PETITIONERS RIGHTS UNDER THE CONSTITUTION
AND LAW OF THE STATE OF TEXAS AND THE UNITED STATES.
PETITIONER ASK FOR ANY RELIEF THIS COURT
DEEMS JUST, AND PROPER.

RESPECTFULLY SUBMITTED ON THIS THE
_____6th_____ DAY OF _MARCH_____ 2015

_PHILLIP LEO TORRES JR._
PETITIONER PRO SE

12.



## In The
## Court of Appeals
## Seventh District of Texas at Amarillo

No. 07-13-00332-CR

PHILLIP LEO TORRES, JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 100th District Court
Hall County, Texas
Trial Court No. 3616; Honorable Stuart Messer, Presiding

December 15, 2014

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

In 2012, in exchange for a guilty plea, Appellant, Phillip Leo Torres, Jr., was granted deferred adjudication community supervision for eight years and assessed a $1,000 fine for aggravated assault,[1] with an affirmative finding on use of a deadly weapon. Several months later, the State alleged that Appellant committed a new offense in violation of the conditions of community supervision and moved to proceed

---

[1] TEX. PENAL CODE ANN. 22.02(a)(2) (West 2011). As charged the offense is a second degree felony. *Id.* at (b).

with an adjudication of guilt. At a hearing on the State's motion, Appellant pleaded "not true" to the allegations and the trial court heard testimony. After the State rested, Appellant did not present any evidence. The trial court ruled Appellant had violated the conditions of community supervision, adjudicated him guilty of aggravated assault with a deadly weapon, sentenced him to twenty years confinement and assessed a $1,000 fine. This appeal followed.[2] Presenting two issues, Appellant asserts (1) the evidence is insufficient to establish he violated the conditions of his community supervision and (2) the trial court abused its discretion in finding he violated a condition of community supervision not alleged in the State's motion to adjudicate guilt. We affirm.

BACKGROUND

The first condition of Appellant's community supervision provided that he commit no new offenses, but if charged or arrested, he was required to notify his community supervision officer within forty-eight hours. By its motion to adjudicate guilt, the State alleged Appellant committed simple assault by intentionally, knowingly or recklessly causing bodily injury to Lorenzo Leo Torres, his son, by kicking him in the face with his foot and also alleged criminal mischief in the amount of $500 or more but less than $1,500, a Class A misdemeanor, by damaging Phillip Torres III's vehicle with a baseball bat.[3]

At the time of the incident giving rise to the State's motion to adjudicate, Appellant and Lorenzo were living together. His older son Phillip was living with his

---

[2] The trial court entered its *Judgment Adjudicating Guilt* on December 5, 2012. Although notice of appeal was not timely filed, the Texas Court of Criminal Appeals ordered that Appellant be permitted to pursue an out-of-time appeal. *See Ex parte Torres*, WR-79,218-01, 2013 Tex. Crim. App. Unpub. LEXIS 809 (Tex. Crim. App. July 24, 2013). Notice of appeal was filed on July 11, 2013.

[3] The State did not allege that Appellant failed to report the charges within forty-eight hours.

2

girlfriend. In the early morning hours of August 26, 2012, the two sons and girlfriend had been at a party and all three had become intoxicated. After the party, Phillip and his girlfriend dropped Lorenzo off at Appellant's home, drove away and returned approximately fifteen minutes later.

Upon returning, they witnessed Appellant and Lorenzo arguing. According to Phillip's and his girlfriend's written statements to law enforcement, they witnessed Appellant physically assault Lorenzo by kicking and hitting him. Phillip testified he pinned Appellant down to protect his younger brother. The three returned to the vehicle to flee as Appellant was smashing the front and rear windshields with a baseball bat. Phillip's girlfriend called 911.

An officer was dispatched to a domestic disturbance call where he observed a cut on Phillip's arm and blood on the vehicle's passenger door. He testified Lorenzo had glass shrapnel in one of his eyes from the broken windshield and was reluctantly treated on the scene by emergency medical personnel.

During the adjudication hearing, Phillip and his girlfriend denied witnessing the assault on Lorenzo and testified their written statements were inaccurate. Lorenzo did not testify. Phillip admitted he did not want Appellant to be incarcerated and his testimony did not support the element that criminal mischief of his vehicle was without his consent.[4] At the conclusion of the hearing, the trial court found Appellant committed the offense of assault against Lorenzo. The trial court did not find as true that Appellant committed the Class B misdemeanor of criminal mischief based on Phillip's testimony

---

[4] Phillip's testimony that replacing the windshields cost him $450 was insufficient to support a Class A misdemeanor ($500 to $1,500) but did support the lesser included offense, a Class B misdemeanor. TEX. PENAL CODE ANN. § 28.03(b)(2), (3)(A) West 2011).

3

that Appellant had permission to do whatever he wanted to the vehicle. The trial court adjudicated Appellant guilty of the original offense of aggravated assault and after hearing punishment evidence, sentenced him to twenty years confinement with an affirmative finding on use of a deadly weapon. This appeal ensued.

ISSUE ONE

Appellant maintains the evidence is insufficient to establish he violated the conditions of his community supervision. We disagree.

STANDARD OF REVIEW

An appeal from a trial court's order adjudicating guilt is reviewed in the same manner as a revocation hearing. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(b) (West Supp. 2014). When reviewing an order revoking community supervision imposed under an order of deferred adjudication, the sole question before this Court is whether the trial court abused its discretion. *Rickels v. State,* 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984); *Jackson v. State*, 645 S.W.2d 303, 305 (Tex. Crim. App. 1983). This appellate standard is less rigorous than "beyond a reasonable doubt." *Hacker v. State*, 389 S.W.3d 860, 865 (Tex. Crim. App. 2013).

In a revocation proceeding, the State must prove by a preponderance of the evidence that the probationer violated a condition of community supervision as alleged in the motion. *Cobb v. State*, 851 S.W.2d 871, 874 (Tex. Crim. App. 1993). If the State fails to meet its burden of proof, the trial court abuses its discretion in revoking community supervision. *Cardona*, 665 S.W.2d at 494. In determining the sufficiency of

4

the evidence to sustain a revocation, we view the evidence in the light most favorable to the trial court's ruling. *Jones v. State*, 589 S.W.2d 419, 421 (Tex. Crim. App. 1979). It is the trial court's duty to judge the credibility of the witnesses and to determine whether the allegations in the motion to revoke are true. *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. 1981). Proof of one violation of the terms of community supervision is sufficient to support revocation. *Sanchez v. State*, 603 S.W.2d 869, 871 (Tex. Crim. App. 1980).

## ANALYSIS

During the hearing, over defense counsel's objections, both Phillip and his girlfriend read from their respective written statements generated shortly after the incident in which they both claimed to have witnessed Appellant assault Lorenzo. They both claimed, however, that their statements were inaccurate. Their contradictory testimony notwithstanding, the trial court was free to judge their credibility.

The responding officer's testimony that he observed injuries suffered by Lorenzo which required medical treatment and blood on the vehicle door support the State's allegation of an assault by Appellant against his son. We conclude the trial court did not abuse its discretion in revoking Appellant's community supervision based on the assault committed against Lorenzo. Issue one is overruled.

ISSUE TWO

By his second issue, Appellant contends the trial court abused its discretion in finding he violated a condition of community supervision not alleged in the State's motion to adjudicate guilt. We disagree.

5

The State alleged that Appellant caused bodily injury to Lorenzo by kicking him in the face. In announcing its ruling that Appellant assaulted Lorenzo as alleged in the motion to adjudicate, the trial court relied on the witnesses' statements. The trial court further found that Lorenzo was assaulted in a manner not alleged in the State's motion, i.e., "bodily injury that occurred by using the baseball bat to hit the windshield, causing glass to shatter into . . . Lorenzo."

Proof of one violation of the conditions of community supervision is all that is required to support a revocation order. *Sanchez*, 603 S.W.2d at 871. Because the State established by a preponderance of the evidence that Appellant assaulted Lorenzo by kicking and hitting him, it is unnecessary to review the assault committed by Appellant against Lorenzo that caused injury to Lorenzo's eye. Issue two is pretermitted.

CONCLUSION

Accordingly, the trial court's judgment is affirmed.

Patrick A. Pirtle
Justice

Do not publish.

6